## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**


**VERSUS**                                      **NO: 20-57**


**JAMAL CLAY**                                  **SECTION: "H"**


### ORDER AND REASONS

Before the Court are Defendant Jamal Clay's Motion to Withdraw Guilty
Plea (Doc. 430), Motion to Strike Appeal Waiver (Doc. 429), and Motion to Have
Sentencing Enhancements Proven Beyond a Reasonable Doubt (Doc. 447). For
the following reasons, the Motions are **DENIED**.


### BACKGROUND

In a Superseding Bill of Information, Defendant Jamal Clay was charged
with four counts relating to the distribution of controlled substances,
possession of weapons, and Hobbs Act robbery. The Bill of Information against
Defendant was the culmination of an FBI and NOPD investigation into a New
Orleans street gang's involvement in the distribution of controlled substances
and drug-related homicides. On November 2, 2023, Defendant pleaded guilty
to all four counts of the Superseding Bill of Information pursuant to a written

plea agreement. Thereafter, a pre-sentence investigation report ("PSR") was prepared by the United States Probation Office, which Defendant alleges included a cross-reference and relevant conduct in the calculation of his guideline range. Specifically, the Government intends to argue that Defendant's involvement in the murder of Jermaine Gooden should be considered in fashioning an appropriate sentence. A cross-reference to murder would significantly increase Defendant's guidelines range.

Defendant now moves to withdraw his guilty plea, arguing that his plea was not fully informed or voluntary where he was not aware that the Government would seek a murder cross-reference at sentencing. Relatedly, he moves to strike the appeal waiver in his plea agreement. Finally, Defendant moves for an order requiring the Government to prove his involvement in the murder of Jermaine Gooden beyond a reasonable doubt for purposes of sentencing. This Court will consider each Motion in turn.

## LAW AND ANALYSIS

### A. Motion to Withdraw Guilty Plea

Defendant argues that he was not aware that his guilty plea would expose him to sentencing enhancements akin to a conviction for murder, and therefore, his plea was neither voluntary nor informed. He points out that he was never indicted for murder and did not acknowledge any conduct related to murder in his plea or factual basis. Accordingly, he seeks to withdraw his guilty plea.

2

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that: "A defendant may withdraw a plea of guilty or nolo contendere: . . . after the court accepts the plea, but before it imposes sentence if: . . . the defendant can show a fair and just reason for requesting the withdrawal." There is no absolute right to withdraw a guilty plea.[1] In *United States v. Carr*, Fifth Circuit stated that:

> Seven factors are to be considered in deciding such a motion:
> (1) whether the defendant has asserted his innocence;
> (2) whether withdrawal would prejudice the Government;
> (3) whether the defendant delayed in filing the motion and, if so, the reason for the delay;
> (4) whether withdrawal would substantially inconvenience the court;
> (5) whether adequate assistance of counsel was available to the defendant;
> (6) whether his plea was knowing and voluntary; and
> (7) whether withdrawal would waste judicial resources.[2]

In considering these factors, this Court finds that they weigh against granting Defendant's Motion to Withdraw his Plea. First, Defendant does not assert his innocence to the crimes charged. Rather, he argues only that he was not informed that his guideline range would be heavily influenced by allegations of murder for which he was not charged and has not acknowledged guilt. He does assert his innocence as to the murder that forms the basis of the sentencing enhancement. However, the Government has not yet proven Defendant's involvement in the murder, and therefore, there has been no

---

[1] United States v. Still, 102 F.3d 118, 124 (5th Cir. 1996).
[2] United States v. Gaitan, 954 F.2d 1005, 1011 (5th Cir. 1992) (citing United States v. Carr, 740 F.2d 339, 343–44 (5th Cir. 1984)).

determination regarding whether it will be used to enhance his sentence.[3] Accordingly, this factor weighs against allowing Defendant to withdraw his plea.

As to the second, fourth, and seventh factors, granting Defendant's motion would prejudice the Government, inconvenience the Court, and waste judicial resources. Defendant acknowledges that none of the co-defendants in this matter have elected to go to trial, and many have already been sentenced. Allowing Defendant to withdraw his guilty plea would force the Government and the Court to prepare for a trial they believed had been resolved months ago. It would require the Government to recontact witnesses and victims who had been relieved that they would not be required to testify at a trial. Accordingly, these factors weigh against allowing Defendant to withdraw his plea.

As to the third factor, Defendant filed this Motion about five months after he entered a guilty plea. In *Carr*, the Fifth Circuit found that a motion was "not promptly filed" when the defendant waited just twenty-two days after his plea.[4] As the court explained, "the rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty."[5] Here, Defendant did just that. He waited to receive a draft of his PSR, disagreed with

---

[3] The standard by which the Government must prove relevant conduct is the subject of another Motion discussed below.

[4] *Carr*, 740 F.2d at 345.

[5] *Id.*

4

the guidelines range, and sought to withdraw his plea. This factor weighs against allowing Defendant to withdraw his plea.

As to the fifth factor, the Fifth Circuit has advised that the Court should consider "whether counsel was available to the defendant throughout the proceedings."[6] Defendant has been represented by Jerome Matthews, an experienced criminal defense lawyer, throughout this prosecution. The Government contends that Mr. Matthews was involved in the plea negotiation process and requested changes to the factual basis on his client's behalf. This factor weighs against allowing Defendant to withdraw his plea.

As to the sixth factor, Defendant alleges that neither his counsel nor the Government informed him regarding the possibility of an enhanced sentence based on a murder charge. He argues, therefore, that his plea was neither knowing nor voluntary as to the potential consequences of his plea. The plea colloquy during Defendant's rearraignment, however, suggests otherwise. There, the Court thoroughly explored whether the plea was being entered knowingly and voluntarily and found that it was. The Court informed Defendant of the maximum term of imprisonment on each of his charges and made sure that he was aware that sentencing guidelines are not mandatory and that the Court may impose the maximum possible sentence imposed by law.[7] Defendant affirmed his understanding of this possibility.[8] Accordingly, this factor also weighs against granting this Motion. Because all of the *Carr*

---

[6] United States v. Tran, No. 21-30608, 2022 WL 17832289, at *5 (5th Cir. Dec. 21, 2022) (quoting United States v. Lord, 915 F. 3d 1009 (5th Cir. 2019)).

[7] Doc. 444-1.

[8] *Id.*

5

factors weigh against allowing Defendant to withdraw his guilty plea, his Motion is denied.

### B. <u>Motion to Strike Appeal Waiver from Plea Agreement</u>

Next, Defendant moves the Court to strike the appeal waiver in his plea agreement. Defendant contends that his acceptance of the appeal waiver was predicated on a misunderstanding of the sentencing implications. He argues that his acceptance of the appeal waiver was not fully informed or voluntary where the Government failed to inform him of its intention to seek a sentencing enhancement for his involvement in the murder of Jermaine Gooden. Defendant does not, however, cite to any law or case supporting his request to have the Court strike a portion of a bargained-for agreement between him and the Government. This Court is unaware of any basis upon which such relief could be granted. Accordingly, this Motion is denied.

### C. <u>Motion to Have Sentencing Enhancements Proven Beyond a Reasonable Doubt</u>

Finally, Defendant moves for an order asking the Court to adopt the "beyond a reasonable doubt" standard of proof for all fact finding required to impose his sentence. However, "it is well-established law in this circuit that, as a general matter, the burden of proof at sentencing is by a preponderance of the evidence."[9] The Court is aware that the Fifth Circuit has "acknowledged

---

[9] United States v. Mergerson, 4 F.3d 337, 343 (5th Cir. 1993) (citing United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991) ("[T]he district court need only determine its factual findings at sentencing by a 'preponderance of relevant and sufficiently reliable evidence.'")); United States v. Carreon, 11 F.3d 1225, 1241 (5th Cir. 1994) ("[D]istrict court may base a

that a higher burden may be necessary in certain cases involving a dramatic increase in sentencing based on judicial factfinding," however, it has "never expressly adopted this 'tail wags the dog' doctrine."[10] Further, it has found that neither an increase in a sentence from thirty years to life nor an increase in a sentence from six to almost twenty years was so dramatic as to warrant a higher standard of proof.[11] Defendant has not established a dramatic effect warranting a higher burden here. Accordingly, this Motion is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motions are **DENIED**.

New Orleans, Louisiana this 23rd day of April, 2024.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

defendant's sentence on conduct for which the defendant was acquitted because the government need only establish sentencing facts (unlike the elements of the crime) by a preponderance of the evidence.").

[10] United States v. Dockery, 249 F. App'x 1000, 1001 (5th Cir. 2007).

[11] *Mergerson*, 4 F.3d at 343; *Carreon*, 11 F.3d at 1241.